IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY HILL,

     Plaintiff,

v.                                           Cause No. CIV-08-1174

FARMERS INSURANCE GROUP OF
COMPANIES, a/k/a and/or d/b/a FARMERS
GROUP INC., a/k/a and/or d/b/a, FARMERS
INSURANCE EXCHANGE, a foreign corporation,
and LIBERTY MUTUAL, a/k/a and/or d/b/a
LIBERTY MUTUAL GROUP, a/k/a and/or d/b/a
LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON, a foreign corporation,

     Defendants.

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Farmers Group, Inc. and  Farmers Insurance Exchange (erroneously named in the Amended Complaint as "Farmers Insurance Group of Companies") (sometimes referred to herein as "these defendants"), by and through their counsel of record, Atkinson, Thal & Baker, P.C. (Douglas A. Baker), hereby answer plaintiff's Amended Complaint as follows:

1.     Farmers Group, Inc. and Farmers Insurance Exchange deny any unlawful employment practices on the basis of a disability, deny that either intentionally refused to accommodate plaintiff's disability, deny that plaintiff was discharged because of his disability, and deny that there was any violation of any of plaintiff's federally protected rights or any other federal or state law claim.  Further, Farmers Group, Inc. and Farmers Exchange are without knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 1 of the plaintiff's Amended Complaint and therefore deny those allegations as well.

2.      The allegations contained in paragraph 2 of the plaintiff's Amended Complaint are not factual averments and instead are allegations of what plaintiff believes the law to be and, as such, do not require an answer or response.  To the extent a response to any factual allegation contained in paragraph 2 is required, Farmers Group, Inc. and Farmers Exchange deny any and all such allegations.  By way of further answer, Farmers Insurance Exchange states that because, among other reasons, the plaintiff only worked for Farmers Insurance Exchange in Oklahoma, and because all of the alleged events forming the basis of his claims occurred *only* in Oklahoma, the United States District Court for the District of New Mexico both lacks jurisdiction over some or all or the plaintiff's claims and venue is also improper relating to some or all of the claims in New Mexico.  (Farmers Insurance Exchange' defenses challenging both jurisdiction and venue are set forth more fully in the affirmative defenses portion of this Answer.)  These defendants are preparing motions relating to these issues.

3.      With respect to paragraph 3 of the plaintiff's Amended Complaint, Farmers Insurance Exchange admits only that plaintiff was an employee of Farmers Insurance Exchange in the State of Oklahoma.  Defendant Farmers Group, Inc. and Farmers Insurance Exchange deny all other allegations in paragraph 3 of the plaintiff's Amended Complaint.

4.      Farmers Group, Inc. and Farmers Insurance Exchange are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4 and 5 of the plaintiff's Amended Complaint and therefore all such allegations are denied.

5.      Farmers Group, Inc. admits only that it is a corporation, and that it has done business in Oklahoma and New Mexico, and that it has more than fifteen employees.  It specifically denies that it was the employer of Terry Hill, and denies all other allegations of paragraph 6 of the plaintiff's Amended Complaint.  Farmers Insurance Exchange admits that it

was the employer of Terry Hill in the State of Oklahoma and admits that it has at least fifteen employees.  Farmers Insurance Exchange specifically denies that it is a corporation, denies that it ever employed plaintiff in the State of New Mexico, and denies all other allegations not specifically admitted herein relating to paragraph 6 of the plaintiff's Amended Complaint.

6.      Farmers Group, Inc. and Farmers Insurance Exchange are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the plaintiff's Amended Complaint and therefore deny the same.

7.      The allegations contained in paragraph 8 of the plaintiff's Amended Complaint are not factual averments and instead are allegations of what plaintiff believes the law to be and as such do not require an answer or response.  To the extent a response to any factual allegation contained in paragraph 8 of plaintiff's Amended Complaint is required, Farmers Group, Inc. and Farmers Insurance Exchange deny any and all such allegations.

8.      The allegations contained in paragraph 9 of plaintiff's Amended Complaint are not factual averments and instead are allegations of what plaintiff believes the law to be and as such do not require an answer or response.  To the extent a response to any factual allegation contained in paragraph 9 of plaintiff's amended complaint is required, Farmers Insurance Exchange admits only that it employed in Oklahoma at some periods of time plaintiff, and Farmers Insurance Exchange and Farmers Group, Inc. deny any and all other allegations of paragraph 9 of plaintiff's Amended Complaint.

9.      The allegations contained in paragraph 10 of the plaintiff's Amended Complaint are not factual averments and are instead allegations of what plaintiff believes the law to be and as such do not require an answer or response.  To the extent a response to any factual allegation

contained in paragraph 10 of plaintiff's Amended Complaint is required, Farmers Group, Inc. and Farmers Insurance Exchange deny any and all such allegations.

10.     The allegations in paragraph 11 of plaintiff's amended complaint are denied.

11.     Farmers Insurance Exchange admits only that on or about March 16, 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Oklahoma City, Oklahoma, and denies all other allegations of paragraph 12 of the plaintiff's Amended Complaint.  Farmers Group, Inc. denies that it was plaintiff's employer and is without knowledge or information sufficient to form a belief as to the truth of any allegations contained in paragraph 12 of the plaintiff's Amended Complaint and therefore denies the same.

12.     Farmers Insurance Exchange admits only that on or about May 12, 2008, the EEOC issued a determination letter, and admits only that the letter states what it states, and denies all other allegations and implications of paragraph 13 of the plaintiff's Amended Complaint.  Farmers Group, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the plaintiff's Amended Complaint and therefore denies the same.

13.     Farmers Insurance Exchange admits only that the EEOC issued a "notice of right to sue" on September 22, 2008 and either denies or is without knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies all other allegations of paragraph 14 of the plaintiff's Amended Complaint.  Farmers Group, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the plaintiff's Amended Complaint and therefore denies the same.

14.     The allegations contained in paragraph 15 of the plaintiff's Amended Complaint are not factual averments and instead are allegations of what plaintiff believes the law to be and

4

as such do not require an answer or response.  To the extent a response to any factual allegation contained in paragraph 15 is required, Farmers Group, Inc. and Farmers Insurance Exchange deny any and all such allegations.

15.    Farmers Insurance Exchange admits only that plaintiff was employed in Oklahoma by it on or about June 12, 2006 as a total loss specialist, and denies all other allegations of paragraph 16 of the plaintiff's Amended Complaint.  Farmers Group, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the plaintiff's Amended Complaint and therefore denies the same.

16.    Farmers Group, Inc. and Farmers Insurance Exchange are without knowledge or information sufficient to form a believe as to the truth of the allegations of paragraph 17 and therefore deny the same.

17.    Farmers Group, Inc. and Farmers Insurance Exchange admit only that plaintiff did not and has never advised anyone in a supervisory capacity at Farmers Insurance Exchange or Farmers Group, Inc. that he had any disability or that he suffered from any disease other than pneumonia at the relevant time.  As to all other allegations of paragraph 18 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange are without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

18.    Farmers Group, Inc. and Farmers Insurance Exchange admit only that Mr. Hill advised them that he had pneumonia without any additional details and would be missing work, and that he was advised, like all other employees, to file a short-term disability on January 12, 2007.  These defendants deny all other allegations of paragraph 19 of the plaintiff's Amended Complaint not specifically admitted herein.

19.     Farmers Group, Inc. and Farmers Insurance Exchange are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the plaintiff's Amended Complaint and therefore deny all such allegations.

20.     The allegations of paragraph 21 of the plaintiff's Amended Complaint are denied.

21.     With respect to paragraph 22 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange admit only that Melissa Tucker was informed that plaintiff was only able to return to work on a part-time basis and were not sure how long it would last.  As to all other allegations and implications of paragraph 22 of the Amended Complaint, these defendants are without knowledge sufficient to form a belief as to the truth of the allegations of the plaintiff's Amended Complaint and they are therefore denied.

22.     Farmers Group, Inc. and Farmers Insurance Exchange admit only that plaintiff was terminated as of February 27, 2008 and was told at the time the reasons for his termination were that he (1) that he had exhausted his sick pay, (2) did not have job protection, and (3) was not sure when he could return to full-time work, and deny specifically that plaintiff ever requested any accommodation, and deny all other allegations of paragraph 23 of plaintiff's Amended Complaint not specifically admitted herein.

23.     With respect to paragraph 24 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange admit only that on February 27, 2008, the plaintiff was terminated and was told that the reasons for his termination were that he (1) had exhausted his sick pay, (2) did not have job protection, and (3) was not sure when he could return to full-time work.  These defendants are without knowledge as to when plaintiff was released to return to work without restrictions, and specifically deny that they were ever told that plaintiff was

released without restrictions, and deny all other allegations of paragraph 24 not specifically admitted herein.

24.     The allegations of paragraph 25 of plaintiff's Amended Complaint are denied.

25.     Since paragraph 26 of plaintiff's Amended Complaint restates the allegations in paragraphs 12 and 13 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange provide the same answers and denials as set forth in response to those allegations as if the same were restated fully herein.

26.     The allegations of paragraphs 27, 28, 29, and 30 of plaintiff's Amended Complaint are denied.

27.     With respect to the allegations of paragraph 31 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 30 as if the same were restated fully herein.

28.     The allegations of paragraphs 32, 33, 34, 35, 36, and 37 of the plaintiff's Amended Complaint are denied.

29.     With respect to the allegations of paragraph 38 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 35 of the plaintiff's Amended Complaint as if the same were restated fully herein.

30.     The allegations of paragraphs 39, 40, 41, 42, 43, 44, and 45 are denied.

31.     With respect to paragraph 46 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 45 of the plaintiff's Amended Complaint as if the same were restated fully herein.

32.     The allegations of paragraphs 47, 48, 49, 50, 51, 52, and 53 of the plaintiff's Amended Complaint are denied.

33.     With respect to the paragraph 54 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 53 of the plaintiff's Amended Complaint as if the same were fully stated herein.

34.     Farmers Group, Inc. and Farmers Insurance Exchange deny the allegations of paragraphs 47, 48, 49, 50, 51, 52, and 53 of the plaintiff's Amended Complaint are denied.

35.     With respect to paragraph 54 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 53 of the plaintiff's Amended Complaint as if the same were fully restated herein.

36.     The allegations of paragraphs 55, 56, 57, 58, 59, 60, and 61 of the plaintiff's Amended Complaint are denied.

37.     With respect to paragraph 62 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 61 of the plaintiff's Amended Complaint as if the same were fully restated herein.

38.     The allegations contained in paragraphs 63, 64, 65, and 66 of the plaintiff's Amended Complaint are denied.

39.     With respect to paragraph 67 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to

paragraphs 1 through 66 of the plaintiff's Amended Complaint as if the same were fully restated herein.

40.     The allegations of paragraphs 68, 69, 70. 71, and 72 of the plaintiff's Amended Complaint are denied.

41.     With respect to paragraph 73 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 72 of the plaintiff's Amended Complaint as if the same were fully restated herein.

42.     The allegations contained in paragraph 74, 75, 76, 77, 78, 79, 80, 81, and 82 of the plaintiff's Amended Complaint are denied.

43.     With respect to paragraph 83 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to paragraphs 1 through 82 of the plaintiff's Amended Complaint as if the same were fully restated herein.

44.     The allegations contained in paragraph 84 of the plaintiff's Amended Complaint are not factual averments and instead are allegations of what plaintiff believes the law to be and as such do not require an answer or response.  To the extent a response to any factual allegation contained in paragraph 84 of the plaintiff's Amended Complaint is required, Farmers Group, Inc. and Farmers Insurance Exchange deny any and all such allegations.

45.     The allegations contained in paragraphs 85, 86, 87,  88, 89, 90, 91, and 92 of the plaintiff's Amended Complaint are denied.

46.     With respect to paragraph 93 of the plaintiff's Amended Complaint, Farmers Group, Inc. and Farmers Insurance Exchange reallege and reincorporate their responses to

paragraphs 1 through 92 of the plaintiff's Amended Complaint as if the same were fully restated herein.

47.     The allegations of paragraphs 94, 95, and all other allegations of the plaintiff's Amended Complaint not specifically admitted above, are denied.

## FIRST AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that plaintiff fails to state a claim upon which relief may be granted and the complaint should therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

As a further, separate, and alternative, defense, these defendants state that the Court lacks personal jurisdiction over these defendants.

## THIRD AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that this case has been filed in a jurisdiction without proper venue for this case.

## FOURTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that there was no unlawful employment practice alleged to have occurred in this judicial district, the employment records relevant to any employment practice relating to Terry Hill are not maintained or administered in this judicial district, and this judicial district is not a district in which the plaintiff would have worked but for any of the alleged employment action.  Furthermore, neither of these defendants has their principal place of business in this judicial district.  As such, the claims in the plaintiff's Amended Complaint must be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that plaintiff's injuries and damages, if any, were caused by, or contributed to, by the acts and failures to act of the plaintiff and/or other persons or entities other than these defendants and for whom these defendants cannot be held liable, as such the claims should be dismissed or fault should be allocated only to those persons or entities proximately causing plaintiff's injuries and/or damages.

## SIXTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, defendants state that if they were at fault, which is specifically denied, any of their fault must be compared and an allocation of plaintiff's damages, if any, should be awarded in accordance with comparative fault laws.

## SEVENTH AMENDED DEFENSE

As a further, separate, and alternative defense, the requested imposition of aggravated exemplary damages are contrary, by their express terms and as the may be applied to these defendants, to the Constitution of the United States and are therefore, as to these defendants, a denial of equal protection of the law by providing fewer protections for civil litigants than criminal statutes which provide for the imposition of monetary fines.

## EIGHTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, plaintiff's request for exemplary or punitive damages are in violation of the Constitution of the United States in as much as they purportedly permit the deprivation of property without due process of law and allow for the imposition of an excessive fine.

## NINTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, the damages alleged by plaintiff, if any, resulted entirely from, or were contributed to, by the fault of the plaintiff.

## TENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that they were without knowledge of any disability within the meaning of the ADA at the time any actions relating to the plaintiff were taken and therefore the plaintiff's Amended Complaint must be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that the statute of limitations acts as a partial bar or a complete bar to the claims alleged in the plaintiff's Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that plaintiff never requested any accommodation and therefore claims set forth in the plaintiff's Amended Complaint must therefore be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that plaintiff's Amended Complaint fails to set forth any state statute which was violated and therefore the allegations of the plaintiff's Amended Complaint must be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense and without limiting any previous defense insofar as any punitive damages sought by plaintiff are awarded, such punitive damages may not

exceed the sum of substantial compensatory damages that may be awarded to the plaintiff, as to do so would violate defendants' due process rights guaranteed by the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that pursuant to 42 U.S.C. § 1988, these defendants are entitled to their attorneys' fees and costs because plaintiff brought a complaint under 42 U.S.C. § 1983 without justification and which is frivolous.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that the plaintiff's ADA claim fails as a matter of law because he was not a qualified individual with a disability during his employment with Farmers Insurance.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that the plaintiff's claim for equitable relief is barred by the doctrines of both estoppel and unclean hands (in that, when asked by Farmers Insurance Exchange about the reasons for his continued absences), the plaintiff intentionally concealed from Farmers Insurance Exchange the very medical condition he now claims was an ADA-recognized disability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, these defendants state that since none of the alleged conduct occurred in the State of New Mexico, no claims can be made against these defendants under the common law, statutes, regulations, or Constitution of the State of New Mexico.

WHEREFORE, these defendants request that plaintiff take nothing by way of the Amended Complaint, that the Amended Complaint be dismissed or that judgment be entered in

these defendants' favor, that these defendants be awarded their attorneys' fees and costs, and that

the Court award any further and separate relief as the Court may deem just and proper.

> ***ELECTRONICALLY SIGNED:***
>
> **/s/**  Douglas A. Baker                           
> Douglas A. Baker
> ATKINSON, THAL & BAKER, P.C.
> 201 Third St. NW, Suite 1850
> Albuquerque, New Mexico  87102
> Telephone:  (505) 764-8111
>
> Attorneys for Defendants Farmers Group, Inc.
> and Farmers Insurance Exchange

I HEREBY CERTIFY that on the 2n day of June,
2009, I filed the foregoing electronically through
the CM/ECF system, which caused the following
parties or counsel to be served by electronic means,
as more fully reflected on the Notice of Electronic Filing:

John McCall, Esq.
mccalljo@nmia.com
Attorney for Plaintiff

Via first class mail, postage prepaid addressed as follows:
None

**/s/**  Douglas A. Baker                                        
Douglas A. Baker
Attorneys for Defendants Farmers Group, Inc.
Farmers Insurance Exchange