IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

TERRY HILL,

       Plaintiff,

v.                                                No. CIV 08-1174 BB/LFG

FARMERS INSURANCE GROUP OF
COMPANIES, a/k/a and/or d/b/a FARMERS
GROUP, INC., a/k/a and/or d/b/a FARMERS
INSURANCE EXCHANGE, a foreign
corporation,

       Defendants.

MEMORANDUM OPINION
IN SUPPORT OF TRANSFER

THIS MATTER is before the Court on the Motion of Defendants Farmers Group, Inc., and Farmers Insurance Exchange ("Farmers Entities") to Dismiss for Improper Venue or in the Alternative to Transfer All Proceedings to Oklahoma [doc. 27]. The Court having reviewed all filed materials, finds the matter should be transferred to the Western District of Oklahoma.

*Discussion*

*Legal Standard*

On a motion to dismiss for improper venue the court must accept as true the plaintiff's well-pled allegations and draw all reasonable inferences therefrom although

the court need not accept plaintiff's legal conclusions as true. *McQueen v. Harvey*, 567 F. Supp. 2d 184, 186 (D.D.C. 2008).

### *Facts*

It is undisputed that Plaintiff, Terry Hill, was employed by one of the Farmers Defendants in June 2006 as an automobile loss adjuster in Oklahoma City, Oklahoma. While he would work exclusively out of Oklahoma City, he would adjust claims in both Oklahoma and New Mexico. When terminated, Hill filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in Oklahoma City. Plaintiff was still living in Oklahoma City when he filed his Charge of Discrimination and listed the address of his employer as Oklahoma City. Hill's right to sue letter was issued out of the Oklahoma City area office to his Oklahoma address. None of his employment records are maintained or administered in New Mexico.

### *Legal Analysis*

Plaintiff correctly notes that he now lives in New Mexico and he has asserted several New Mexico state law claims. Moreover, he notes since he lives here his unemployment will result in future damages occurring here. However, the ADA has its own venue provisions. 42 U.S.C. § 2000e-5(f)(3). This subsection provides that an ADA claim ( 42 U.S.C. § 12111 *et seq.*) may only be brought in a state where (1) the alleged unlawful employment practice occurred; (2) the claimant's employment records are maintained; or (3) where the aggrieved person would have worked but for the

2

alleged unlawful employment practice.  In the present case, all of these are in Oklahoma.  Because Congress chose to add a specific venue provision to the ADA, it controls over any of the more general venue provisions that might otherwise apply. *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587 (9th Cir. 1991); *Trujillo v. Total Business Systems, Inc.*, 704 F. Supp. 1031, 1032 (D. Colo. 1989).  Where, as here, the employee would have worked in a district but for the alleged violation, the employment records are in that district, and the alleged violation occurred in that district, venue is only proper there.  *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998).  Venue is thus improper in New Mexico against either of the Farmers Entities for alleged violations of Title I of the Americans with Disabilities Act ("ADA"), ADA §§ 101 to 108 (42 U.S.C. §§ 12111 to 12117).

A district court has broad discretion to transfer a case.  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).  The court, however, will normally consider whether a transfer would not prejudice the defendants and would result in the orderly administration of justice.  *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965); *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006).  In this case, Plaintiff has an

Oklahoma attorney, both Defendants have their records and personnel and the EEOC

in Oklahoma.  Transfer to the Western District of Oklahoma is thus appropriate.

 

                          _____

                          BRUCE D. BLACK
                          United States District Judge